

TO THE HONORABLE RANDALL J. NEWSOME, UNITED STATES
BANKRUPTCY COURT, THE MOVANTS, THEIR COUNSEL, THE TRUSTEE
AND OTHER PARTIES OF INTERST:

Be advised that we are objecting to the Movant's bid to lift the Automatic Stay
In the interest of appealing to the principles of preclusion and estoppel in
bankruptcy cases.

by Christopher Klein, Lawrence Ponoroff and Sarah Borrey*

Excerpt

A powerful impulse to avoid relitigation impels lawyers and judges to grasp at expedients for early disposition of matters that have already been decided. Requests for relitigation pervade bankruptcy practice. Sometimes the question is the effect of a pre-bankruptcy judgment. Sometimes it is the effect of one litigation on another litigation within the same bankruptcy case. Or, it can be the effect of bankruptcy on subsequent nonbankruptcy litigation. In all events, the basic jurisprudential doctrines of preclusion - modernly termed principles of res judicata - combine with estoppel doctrines to provide the guideposts to avoid unnecessary relitigation. These principles apply equally in bankruptcy and nonbankruptcy litigation.

## I. INTRODUCTION TO PRINCIPLES OF PRECLUSION AND ESTOPPEL

Incantations such as res judicata, collateral estoppel, judicial estoppel, or equitable estoppel, often lead courts into summary resolution of actions without being precise about the niceties of the doctrines being invoked.[1] Imprecision, while expedient, tends to produce unfortunate consequences in the case at hand and future actions. Moreover, confusion about the precise purposes of preclusion and estoppel doctrines detracts from what should be straightforward reasoning. The situation is exacerbated because one is dealing with partly-codified law.[2]

Superimposing codes - such as the Bankruptcy Code - over a common law foundation creates the risk of interpretive error if one does not pay attention to the foundation. It is fundamental that the Bankruptcy Code silently presumes the continuing applicability of common law doctrines of preclusion and estoppel and mentions them.....

https://litigation-essentials.lexisnexis.com/webcd/app?action=DocumentDisplay&crawlid=1&

**Related Documents**

- FAIRNESS VERSUS WELFARE (114 Harv. L. Rev. 961)

- WHAT HAS HAPPENED TO THE COMMON LAW ? -- RECENT AMERICAN ...
- Preventing Inconsistencies in Litigation with a Spotlight ...
- TAKING ISSUE WITH ISSUE PRECLUSION : REINVENTING COLLATERA...
- THE IDEOLOGIES OF FEDERAL COURTS LAW . (74 Va. L. Rev. 11...

See More...

The Movants in this case are taking every avenue towards acquiring relief from the automatic stay except the one required by California law and by the Bankruptcy Court on April 07. A True producing of the original Mortgage Note to be presented to the court within 14 days. The Movants, by their actions and submissions of documents that don't address the courts directive, have reaffirmed that they do not own the original mortgage note. Contrary to the principles of estoppel, it is the debtor who is making sure that all of his claims against any party are known to the Bankruptcy Court. It therefore, we believe as debtors, be in the interest of the court to permit this matter further to unfold before an upcoming hearing between the debtors, as taxpayers, our attorneys, IRS auditors and
the appropriate owner of the mortgage note.

We, Wendell Harper and Mary-Kathryn Harper, as the debtors in this case, argue that the
Movants response fails in the promise to produce the Mortgage Note. Instead, they're bent on convincing the Court, by other than submitting another copy of the worthless Deed of Trust consummated by First United Loans, which itself cannot produce the original mortgage note.

Our position is thus: The Real Party in Interest, is of crucial interest to the debtors. We need the true owner of the mortgage note to come forward. We need the note, and the following original, certified documents.

1. The original Mortgage Note
2. The original certified loan documents
3. The Mortgage note owner's signature
4. The Mortgage Note owner's Taxpayer ID number
5. A certified letter and completed form 1098, which includes
   A place for the taxpayer identification number, the signature,
   The loan Number, the "Payers" and the "Payee".

We are scheduled for a hearing on May 04, in appeal of an IRS tax assessment based upon the alleged under reporting of income in the filing of a 2006 amended return for Home Acquisition Debt-based Mortgage Interest. The information above will be used

To complete the Mortgage Note Owner's form 1098, verify and report the mortgage interest, points and prepayment penalties and Balloon Payments on lines 11& 12 of the Tax form 1040 Schedule A.

As part of this notice, the IRS has also advised us, in writing, that we may clear the debt and claim mortgage interest, points and acquired debt due to prepayment riders and penalties, if we can document our claim. The fiduciary responsibility of all lenders, puruan to The methods of documentation are:

1. First and Foremost: A True Copy of the Mortgage Note
2. A declaration or letter confirming that the loan was refinanced in July, 2005 and July 2006.
3. A certified True Copy of the Loan Documents, including the Deed of Trust
4. The Taxpayer Identification Number of the True owner of the Mortgage note
5. The Signature of The Mortgage Owner to be entered in the outer column of lines
6. 11 and 12 on the Tax form 1040, Schedule A.
7. Filing a certified original of the Annual 1098 that is reported to the IRS by the lender primarily when a loan is refinanced, and sworn documents are completed by the borrower.
8. Copies of two documents: Loan Modification Agreement: Novastar Mortgage, 2007. Loan Modification Agreement, Saxon Mortgage Services, Inc., Feb, 02, 2009.

We have been sending requests for all the items above for the past four years. We are in possession of the Internal Revenue Codes that govern this matter, and are in compliance
With IRS Publication 936, part 11, which outlines the requirements in order to claim refunds for Home Acquisition Debt. We have met those guidelines as our home is a Qualified Residence, anchored by a Secured Debt, and falling within the Gross income restriction of $160,000 when married filing jointly.

Therefore, we have more interest in finding the true owner than most anyone, so that we may settle with the court and the lender, whichever is the True owner of the Mortgage Note. The IRS has not accepted Saxon Mortgage, NovaStar Mortgage nor First United Loans as owners of the Mortgage Note. None of these servicers are considered by the IRS or the Tax Code, as authorized to provide the required documentation.

So what we have left is a search for the Lender or investor who may be able to submit to the court and to the IRS, the documents needed to verify Authenticity. NovaStar sent us a notice in October, 2007, immediately after we worked out a "Loan Modification Agreement with their representatives. Informing my spouse and I that it had transferred servicing rights of our Loan to Saxon Mortgage Services, Inc. NovaStar Mortgage no longer services loans, by the company's stipulation.

The agreement was signed and notarized before Saxon acquired Servicing Rights.

We have enclosed a copy of this agreement, along with the the seal of a Notary Public, and the name and Signature of NovaStar's Vice President.

Let us state as Debtors that we have presented a Case of Citibank and a ruling by the Bankruptcy court in that case that a lender cannot foreclose on property without a true copy of the mortgage note. As for being a part of the Mortgage Electronic Registration System, Inc.(MERS), you will notice on the first page of our Loan Modification agreement with NovaStar Mortgage, it's reference to MERS: As the "BENEFICIARY" NovaStar Mortgage entered the following language on the first page of our 2007 Loan Modification Document.

> "This Loan Modification Agreement (Modification")is
> effective_____by and between Mortgage Electronic Registration System, Inc. P.O. BOX 2026 Flint MI 48501-2026, as nominee for NovaStar Mortgage, Inc. designated as the BENEFICIARY, and WENDELL AND KATHRYN HARPER.
> This amends and supplements (1) the note (the "Note") made by the Borrower, dated June 23, 2006, in the original sum of $475,000 and (2) The Mortgage Deed of Trust (the "Security Instrument"), Recorded on July 3, 2006 as instrument Number 2006-0210837-00 in Contra Costa County, California. The Security instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instument (and defined in the Security Instrument as the "Property"), which is located at 4141 Miflin Court, El Sob ante, California, 94803".

The Movants, NovaStar Mortgage, Saxon and Deutsche bank are encumbered to declare, under penalty of perjury, this Agreement as being true or fraudulent.

Further, we come to an agreement that we were required to have witnessed and notarized in May, 2009. This agreement is the draft of Saxon Mortgage Services, Inc. It was offered in February, 2009, and completed in May, 2009. We are told that NovaStar Mortgage is the designated BENEFICIARY. To wit:

"LOAN MODIFICATION AGREEMENT
(Providing the Extended Initial Interest Rate Period Before Adjustable Interest Rate Period Begins and a stated balloon amount feature).

Loan No. 20000380690

This Loan Modification Agreement ( Agreement) made this 25th day of February, 2009, between WENDELL HARPER, KATHRYN HARPER

("Borrower") and the Bank of New York Mellon) (???), as Successor Trustee Under NovaStar Mortgage Funding Trust Series 2006-3 by Saxon Mortgage as its attorney-in-fact (Lender), amends and supplements (1) the Mortgage Deed of Trust or Security Deed (the "Security Instrument") dated June 23, 2 006, and recorded in the Records of Contra Costa County and (2) the adjustable rate note (the "Note"), bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the property located at 4151
Miflin Ct, El Sobrante, CA 94803"

Further, questions about Trusteeship. I have in my possession, a second copy of a Loan Modification Agreement worked out with Saxon Mortgage Services beginning in February, 2009. The language in this document appears to enter a completely different representative as Trustee for NovaStar Mortgage! The New York Bank of Mellon. What is The New York Bank of Mellon's relationship to this Loan and the movants? None of the parties as Movants in this case are the true owners of the Mortgage note.

So we have a 2006 "Deed of Trust", from First United Loans, which is amended in October, 2007, by NovaStar Mortgage,

A 2009, loan Modification Agreement issued by Saxon Mortgage. Where is a mention of Deutsche Bank, and when did it enter the picture. Where is the Notice of transfer, or "amends and supplements' that my spouse and I are entitled to receive?

NovaStar Mortgage needs to state firmly and under declaration, its status as a lender, BENEFICIARY. Saxon, NovaStar Mortgage, Deutsche Bank, and The Bank of New York Mellon all need to enter separate and sworn declarations as to the authenticity of these agreements and their role in this entire case.

As for the movants wondering the relevance of the IRS in this case. I respond that this is a case that arose from the refinancing of mortgage loans, and claiming mortgage interest points, prepayment penalties to this case, I refer them to :

CCA 2000940030 A memorandum by the IRS Chief Counsel on Home Acquisition Debt and Home Equity Debt. Release date: 10/02.2009,

Internal Revenue Service Publication 936: Part two explains "Fully Deductible Mortgage Interest", who qualifies and what steps to take in order to determine qualifications for claiming an acquired debt refund.

ULC: 163.06-01
    163,06-02 CC: ITA:B03:SLHall/KHall POSTN-136433-01
Further, I will be charging the True owner with failing to reaffirm Mortgage Interest we paid in 2002, in refinancing our loan, which denied us the ability to claim mortgage interest on any portion of the loan but the prepayment rider.

I am scheduled with my legal counsel, to enter discussions with the IRS about my tax delinquency and to learn the precise documents, signatures and other authority needed to gain credit for the claims I filed in 2002, 2004, 2005, 2006 & 200.

I will ask in advance that a representative of the Lender be included in these proceedings to learn exactly who is qualified to verify my loan documents, the mortgage note, and the information contained on the forms 1098. It is the obligation of whomever owns the original of the Mortgage Note to testify on our behalf to the IRS that the documents and t taxpayer identification numbers we have entered are indeed authentic.

This issue has everything to do with this Automatic Stay. The interest we are disputing is at this point, the Estate of the court. It has every interest as well as to whom is the obligation to verify the information provided on the Tax form Schedule A 1040 & the long form, of the annual 1098.. The lenders, with no cost to them, may sign the documents that verify the amounts we claim, or refutes them. They then can provide alternative documentation. But as the court should take notice, the Lenders have loan documents with figures the same as the copy we possess, to our best knowledge and belief.

I recall the words of Chief Judge Christopher Klein, in the PDF, the "Principle of Preclusioin and Estoppel in Bankruptcy Cases". An excerpt:

"Judicial estoppel, like equitable estoppel (which precludes a party from asserting the truth of a matter previously represented) is a form of preclusion that forbids a party who has prevailed on one ground in litigation to seek relief in a subsequent suit or proceeding by repudiating that ground and asserting an inconsistent position. An equitable doctrine, Judicial estoppel is intended to protect the integrity of the judicial process.

The movants in this case have filed untimely motions in that they failed to move the process and respect it's integrity by seeking to be granted relief from an automatic stay without proving its authority, and providing the Original mortgage note document in a timely manner. The Movants still have not provided the true mortgage note, for which the debtors await with extreme interest.

Also, I am extending a "Qualified Written Request to The Movants, and the other parties involved, asking for a full explanation of issues outlined in the request and in the court case.

We Therefore pray that the court withholds the stay until its interest in the tax matter be

Resolved.

We also request that the Movants in this case answer critical questions related to the Loan Modification Agreements, and their connection to the Mortgage Electronic Registration System, Inc.

The question should be answered as to whom is the responsibility delegated to authenticate all documentation, signatures and agreements pertaining to Mortgage Interest, Refinancing Loans, and Tax Filings for this loan. Is not the Lender required to verify the information on lines 11 & 12 of Tax form Schedule A/The long form 1098 for Lenders? The question is relevant to all proceedings.

Full disclosure about The New York Bank of Mellon v. Deutsche Bank. Who's the real Trustee?

Signed


Wendell Harper
Mary-Kathryn Harper

March 28, 2011 

Loan No: 2000380690
Wendell Harper
Mary-Kathryn Harper
4151 Miflin Ct
El Sob ante, CA

(510) 262-9178

Saxon Mortgage Service, Inc.
Attn: Customer Service
PO Box 961105
Forth Worth, Texas 76161 0105

This is a "Written Qualified Request" under section 6 of the Real Estate Settlement Procedures Act.

As the borrowers for this property, my spouse and I need to know who the actual holder of the mortgage is, and we need Saxon Mortgage to provide the address and telephone number of the owner of the obligation. These requests also are authorized by Truth in Lending section 1641(f)(2). Importantly, the Helping Families Save Their Homes act of 2009 amended the Truth in Lending Act to provide a remedy for non-compliance. Borrowers can recover actual damages, statutory damages, costs and fees.

Pursuant to the Helping Families Save Their Home Act of 2009, Title 1, Section 13, March 28, 20

Under "GUARANTEED RURAL HOUSING LOANS:

"LOSS MITIGATION. – Upon default or imminent default of any mortgage guaranteed under this subsection, mortgagees shall engage in loss mitigation actions for the purpose of providing an alternative to foreclosure (including actions such as special forbearance, loan modification, pre-foreclosure sale, deed in lieu of foreclosure, as required, support for borrower housing counseling, subordinate lien resolution, and borrower relocation), as provided by the Secretary.

Section 14 sates:

PAYMENT OF PARTIAL CLAIMS AND MORTGAGE MODIFICATIONS. – The Secretary may authorize the modification of mortgages, and establish a program for payment of a partial claim to a mortgagee that agrees to apply the amount to payment of a mortgage on a 1-4-family residence, for mortgages that are in default or face imminent default, as defined by the Secretary. Any payment under such program

Explain the legal facts as to The New York Bank of Mellon, Deutsche Bank and NovaStar Mortgage. Again, We need to know who is the actual holder of this mortgage ownership. We need Saxon Mortgage to provide the name, address and telephone number of the owner of the Mortgage Note and responsibility for the Tax obligation.

**The original loan documents needed to verify financial information submitted to the Internal Revenue Service in the course of my spouse and I, as taxpayers and debtors, filing claims for refunds for the tax periods of 2002, 2004, 2005 & 2006.**

A purchaser of the property as described in the statute, who starts an unlawful detainer proceeding to evict an occupant in possession, must show that he or she acquired the property at a regularly conducted sale and thereafter "duly perfected" the title [CCP § 1161a; Vella v. Hudgins (1977) 20 C3d 251, 255, 142 CR 414, 572 P2d 28 ]. To this limited extent, as provided by the statute, title may be litigated in the unlawful detainer proceeding [ Cheney v. Trauzettel (1937) 9 C2d 158, 159, 69 P2d 832 ].

California Bankruptcy Court:

"Since no evidence of MERS' ownership of the underlying note has been offered, and other courts have concluded that MERS does not own the underlying notes, this court is convinced that MERS had no interest it could transfer to Citibank. Since MERS did not own the underlying note, it could not transfer the beneficial interest of the Deed of Trust to another. Any attempt to transfer the beneficial interest of a trust deed without ownership of the underlying note is void under California law."

**We understand from the Secretary of Housing and Urban Development, that Saxon Mortgage has 60 days to comply. I respectfully request all documents related to this matter, and as requested in this Qualified Written Request".**

**Sincerely,**

**Wendell Harper**

**Mary-Kathryn Harper**

Prepared by:

NovaStar Mortgage, Inc.
Created by: Jari Jones
8140 Ward Parkway, Suite 200
Kansas City, MO 64114

When Recorded Return to:

First American CoreLogic
450 E. Boundary St.
Chapin, SC 29036

2511905

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Modification"), is effective _____, by and between Mortgage Electronic Registration System, Inc., P.O. Box 2026, Flint MI 48501-2026, as nominee for NovaStar Mortgage, Inc. designated as the BENEFICIARY, and **WENDELL HARPER AND KATHRYN HARPER.** This amends and supplements (1) the Note (the "Note") made by the Borrower, dated **June 23, 2006** in the original principal sum of U.S. **$475,000.00**, and (2) the Mortgage or Deed of Trust (the "Security Instrument"), recorded on **July 3, 2006** as **Instrument Number 2006-0210837-00** in **Contra Costa County, California.** The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at **4151 Miflin Court, El Sobrante, California 94803.** That real property is described as follows:

SEE ATTACHED LEGAL DESCRIPTION.

The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the Unpaid Principal Balance has been paid. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 6.00 %, beginning **October 1, 2007.** The Borrower promises to make monthly payments of interest of U.S. **$2,375.00**, beginning on the 1st day of **November 2007**, and continuing thereafter on the same day of each succeeding month until the 1st day of **August 1 2011**, when a monthly payment of principal and interest will be required. If on **October 1, 2036** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification, the Borrower will pay these amounts in full on the Maturity Date. The Borrower will make such payments at **P.O. Box 808911, Kansas City, MO 64184-8911** or at such other place as the Lender may require.

Nothing herein contained in any manner whatsoever, alter, amend, modify or changed any other terms or conditions of the above referenced [ X ] Note and/or [ X ] Deed of Trust/Mortgage and/or except as to the Modification described above, nor shall any of the rights of the BENEFICIARY thereunder be specifically prejudiced by reason of this modification; all rights of the beneficiary shall be and shall remain in full effect as though the Modification had been originally specified in the original Note and/or Deed of Trust/Mortgage.

**PREVIOUS DISCHARGE IN BANKRUPTCY** In the event that the underlying debt has been discharged as a result of a prior bankruptcy proceeding, NovaStar Mortgage hereby acknowledges that it is not assessing personal liability for the debt to the borrower(s) and that its recourse in collection matters shall be limited to the collateral described in the security instrument.

Page 1 of 2

Case: 10-48255    Doc# 36    Filed: 04/14/11    Entered: 04/18/11 16:39:48    Page 11 of 15

09-24-07   _Wendell Harper_ -Borrower
Date        WENDELL HARPER

9/24/07    _Kathryn Harper_ -Borrower
Date        KATHRYN HARPER

_____   RONDA SCHRADER, VICE PRESIDENT  -Lender
Date        By: NOVASTAR MORTGAGE, INC.

_Tonni O. Taylor_              _Keryetta A. Harp_
Witness- for "Borrower"         Witness- for "Borrower"

STATE OF CALIFORNIA, Contra Costa County ss:
    On this 24th day of September, 2007, before me, a Notary Public for the State of California, personally appeared WENDELL HARPER and KATHRYN HARPER known to me to be the person(s) whose name(s) subscribed to the foregoing instrument and acknowledged to me that they executed the same.

My Commission expires: 09-22-2009

_Denecia Lee_
Notary Public for California
Residing at Contra Costa County, California

[Notary Seal: DENECIA LEE, COMM. # 1808357, NOTARY PUBLIC-CALIFORNIA, CONTRA COSTA COUNTY, My Comm. Exp. Sept. 22, 2009]

_____            _____
Witness- for "Lender"            Witness- for "Lender"

STATE OF MISSOURI, Jackson County ss:
    On this      day of         , before me, a Notary Public for the State of Missouri, personally appeared RONDA SCHRADER, VICE PRESIDENT FOR NOVASTAR MORTGAGE, INC known to me to be the person whose name subscribed to the foregoing instrument and acknowledged to me that she executed the same.

My Commission expires:

_____
Notary Public for Missouri
Residing at Jackson County, Missouri

Page 2 of 2

**NovaStar Mortgage, Inc.**
8140 Ward Parkway
Suite 200
Kansas City, Missouri 64114
888.289.1231 CUSTOMER SERVICE
816.237.7482 FAX
www.novastarcustomer.com



August 10, 2006

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS

WENDELL HARPER
KATHRYN HARPER
4151 MIFLIN COURT
EL SOBRANTE, CA 94803

RE: NovaStar Loan Number 0002511905

NovaStar Mortgage, Inc., your mortgage service provider, would like to take this opportunity to introduce ourselves and WELCOME you, our valued customer. We are committed to providing you with superior customer service.

You are hereby notified that the servicing of your mortgage loan, that is the right to collect payments from you, is being transferred from FIRST UNITED HOME LOANS to NovaStar Mortgage, Inc. effective August 1, 2006.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice no later than 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is FIRST UNITED HOME LOANS. If you have any questions relating to the transfer of servicing from your present servicer, please call the Customer Service Department of FIRST UNITED HOME LOANS at 714-978-5818 between 8:00 AM and 5:00 PM Monday through Friday, Pacific Standard Time.

Your new servicer will be NovaStar Mortgage, Inc.

The business address for your new servicer is 8140 Ward Parkway, Kansas City, MO 64114.

The payment address for NovaStar Mortgage is P. O. Box 808911, Kansas City, MO 64184-8911. Please place to the attention of Payment Processing. Monthly billing statements will soon begin. Should your first payment become due prior to your receiving the statement, please be sure to write your loan number on your check before placing it in the mail. This will ensure that your payment will be properly credited to your account.

The toll-free telephone number of your new servicer is (888) 289-1231. If you have any questions relating to the transfer of servicing to your new servicer call the Customer Service Department at (888) 289-1231 between 7:30 a.m. and 10:00 p.m., Monday through Thursday, and Friday from 7:30 a.m. to 5:00 p.m., and Saturday between 8:00 a.m. and 12:00 p.m., Central Standard Time.

The date that your present servicer will stop accepting payments from you is July 31, 2006. The date that your new servicer will start accepting payments from you is August 1, 2006. Send all payments due on or after that date to your new servicer.

The transfer of servicing rights may affect the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance in the following manner:

Please contact your previous lender for information pertaining to Optional Mortgage Life

PO BOX 961106
FORT WORTH, TEXAS 76161-0106

October 26, 2007

A0654 0047377 010
WENDELL HARPER
KATHRYN HARPER
4151 MIFLIN CT
EL SOBRANTE CA 94803-2754

*[Handwritten: SAXON on Loan Transfer after closing DOC 4]*

Re: New Saxon Loan Number: 20000380690
Property Address: 4151 Miflin Ct
El Sobrante Ca 94803

Dear Valued Customer:

Welcome to Saxon Mortgage Services, Inc. ("Saxon")! Saxon has acquired the servicing of your mortgage loan from Novastar Mortgage, Inc. effective 11/01/07. Saxon is committed to making the transfer of your loan a smooth process. Through people, passion and performance we will strive to exceed your expectations by providing the quality service you deserve. Please take a moment to read the content of this letter as it provides pertinent information for servicing your loan.

Please contact your present servicer, Novastar Mortgage, Inc. on or before 10/31/07. You can contact them in writing or by phone at the following:

Novastar Mortgage, Inc.
8140 Ward Parkway, Suite 200
Kansas City Mo 64114
Toll Free # 1.555.963.4968
Hours 8:30 AM To 5:15 PM ET

Please note that your previous service provider will no longer accept payments for your account from you on or after 10/31/07. Send all payments due on or after this date to Saxon. Saxon will begin accepting payments on your loan 11/01/07. The transfer servicing rights will not affect the terms of the continued availability for the recurring monthly draft feature. Your recurring monthly draft feature will continue with Saxon Mortgage Services, Inc. You should receive a billing statement within two weeks from receipt of this letter. If you do not receive your billing statement before the next payment due, please use the temporary coupon attached to this letter or you may write your Saxon loan number on your check or money order and send it to:

Saxon Mortgage Services, Inc
Payment Processing
PO Box 961105
Fort Worth Texas 76161-0105

For your convenience, we offer several payment options:

- Send your payment (check or money order) via USPS
- Western Union Quick Collect
- Interactive Voice Response system (IVR) when you call our Customer Service at 1-800-594-8422 after November 5, 2007
- Online at www.saxononline.com after November 5, 2007
- Electronic Bank Draft (ACH)
- Set up a Western Union Phone Pay with one of our representatives in Customer Service

Please contact your new servicer on or after November 5, 2007 if you have inquiries that relate to the servicing of your mortgage. Please contact Customer Service toll free at 1.800.594.8422. Customer Service's hours of operation are 7:00 a.m. to 10:00 p.m. CST Monday through Friday and 8:00 a.m. to 2:00 p.m. CST on Saturdays.

For your convenience, saxononline.com will be available to you beginning November 5, 2007.
After November 5, 2007, saxononline.com will be available to you 24 hours a day.

---

Detach and return lower portion with your payment

**TEMPORARY COUPON**
Please use this coupon if you do not receive a billing statement before the due date.

| LOAN NUMBER | CURRENT PAYMENT | DELINQUENT PAYMENT | OTHER FEES | UNPAID LATE CHARGES | SUSPENSE CREDIT | TOTAL PAYMENT | DUE ON OR BEFORE |
|---|---|---|---|---|---|---|---|
| 20000380690 | $2,375.00 | | | | | $2,375.00 | |

| | LATE FEE | RECEIVED AFTER | TOTAL LATE PAYMENT |
|---|---|---|---|
| | | | |

WENDELL HARPER    KATHRYN HARPER

SAXON MORTGAGE SERVICES, INC
PO BOX 961105
FT WORTH TX 76161-0105

| ADDITIONAL PRINCIPAL | |
|---|---|
| ADDITIONAL ESCROW | |
| TOTAL ENCLOSED | |

Case: 10-48255   Doc# 36   Filed: 04/14/11   Entered: 04/18/11 16:39:48   Page 14 of 15

April 12, 2011

List of Documents In Response to Movants Motion for Lifting of Automatic Stay Imposed by US BANKRUPTCY COURT Of NORTHERN CALIFORNIA, OAKLAND DIVISION

1. Response
2. Written Qualified Request
3. Copy of 2007 Loan Modification Agreement
4. Notice from NovaStar Mortgage : Transfer/Sale of Servicing Rights
5. Letter from Saxon Mortgage: Transfer of Servicing Rights From NovaStar Mortgage.